Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 CR 50024 - 3 | **DATE** | 9/9/2003 |
| **CASE TITLE** | USA vs. Melton | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's petition for writ of audita querela.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse of the memorandum opinion and order, the court denies defendant's petition for writ of audita querela.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 1 1 2003 date docketed | 107 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9-10-03 date mailed notice | |
| /LC | courtroom deputy's initials | 03 SEP 10 PM 3:11 Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Defendant, Timothy Melton, filed a petition for a writ of <u>audita querela</u>, seeking to challenge his sentence based on his trial counsel's alleged ineffectiveness in failing to inform him of this court's discretion to reject the government's offer pursuant to Fed. R. Crim. P. 11(e)(1)(C). The government has filed a response, and defendant has replied.

While the Seventh Circuit has suggested that a writ of <u>audita querela</u> might be available in a criminal case to "plug a gap in the system of federal postconviction remedies," it is doubtful such a gap exists given the availability of 28 U.S.C. § 2255 to in-custody defendants and the writ of <u>coram nobis</u> to those no longer in custody. <u>U.S. v. Johnson</u>, 962 F. 2d 579, 583 (7th. Cir. 1992); <u>U.S. v. Kimberlin</u>, 675 F. 2d 866, 869 (7th. Cir. 1982). Additionally, a writ of <u>audita querela</u> cannot be used to enable a defendant to file a section 2255 motion without complying with the rules governing such motions. <u>Kimberlin</u>, 675 F. 2d at 869.

In the present case, defendant seeks to challenge his sentence while he remains in custody. Thus, his only potential avenue or relief is section 2255. The court finds no authority that would allow an in-custody defendant to utilize the writ of <u>audita querela</u> because the defendant chooses not to pursue a remedy under section 2255 or is otherwise prohibited from pursuing relief under that provision. The writ of <u>audita querela</u> cannot be used for the sole purpose of circumventing orderly procedure. <u>Kimberlin</u>, 675 F. 2d at 869. Therefore, the court denies defendant's petition for writ of <u>audita querela</u> without reaching the merits of the petition.